FRANK P. DOW CO., INC. *v.* UNITED STATES

**No. 5830.**—Invoice dated Shanghai, China, February 6, 1940.
Certified February 15, 1940.
Entered at Los Angeles, Calif., March 19, 1940.
Entry No. 7734.

Third Division, Appellate Term

(Decided February 23, 1943)

*Harper & Harper (Lawrence A. Harper* of counsel) for the appellant.
*Paul P. Rao,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is an application for review of the judgment of the trial judge in *Frank P. Dow Co., Inc.* v. *United States,* Reap. Dec. 5630. The merchandise under reappraisement consisted of cotton hose imported from Shanghai, China, in February 1940, the invoice having been certified on February 15, 1940. The merchandise was entered at $2.50, Shanghai currency, per dozen pairs, packing included, and was appraised at $2.99, Chinese national currency, per dozen pairs, net, packed.

At the trial counsel for the importer offered in evidence an affidavit of Mr. M. A. Hecht, who is employed by Paris Bead & Novelty House of Chicago, Ill., which firm, according to notations on the invoice, appears to be the party in interest, although the merchandise was entered by Frank P. Dow Co., Inc., at Los Angeles, Calif. This affidavit was received in evidence and marked exhibit 1. After the introduction of exhibit 1, counsel for the importer rested, and, thereupon, counsel for the Government moved to dismiss the appeal on the ground that the importer had not made out a *prima facie* case. The trial judge denied that motion.

Counsel for the Government then offered the affidavit of Mr. Morris Halpern, who is a customs examiner at the port of New York, and it was admitted in evidence and marked exhibit 2.

Counsel for both parties requested permission to object to the exhibit of the opposite party in their briefs and that request was granted. We have examined the briefs filed before the trial judge and find no objections made therein with respect to the validity of the two exhibits. The only objections in the briefs appear to relate to the weight to be given the evidence introduced. The trial judge did not specifically pass on these objections in his decision, but, inasmuch as he quoted the pertinent parts of both affidavits and considered the same in his decision, we consider that he overruled the objections of both parties.

The affiant, Mr. M. A. Hecht, states in his affidavit (exhibit 1) that he personally ordered the instant merchandise through his firm's buying agent, Renter, Brockelmann & Co., in Shanghai, China; that he supervised the payment therefor and the invoice price represents the actual price paid for the merchandise; that such merchandise is made

solely for export and Shanghai is the principal market for the merchandise in China; that he was constantly in touch with the price quotations for such merchandise from the date of placing the order until long after the shipment arrived in the United States; that the price at which such merchandise was freely offered for sale on and immediately prior to the date of exportation of the instant shipment to all purchasers in Shanghai in the ordinary course of trade and in the usual wholesale quantities, packed ready for shipment to the United States, was no higher than Shanghai $2.50 per dozen.

The affiant, Mr. Morris Halpern, states in his affidavit (exhibit 2) that his duties as examiner of merchandise at the port of New York include the appraisal of cotton knit hose; that he has seen the invoice and entry papers in this case and a sample from the shipment was forwarded to him for examination; that he has had identical merchandise before him for appraisement purposes, shipped by the same exporters in the same country and bearing the same invoice description; that the importations which came before him were exported during approximately the same period as the importation herein involved, those shipments having been exported from China on January 16 and February 5, 1940; that the invoice and entered values of those shipments were both SH$2.97, packing extra. .

According to the statement in the printed decision of the trial judge (Reap. Dec. 5630), the merchandise was reappraised at "$2.97 per dozen, Shanghai currency, net, packed," but a reference to the official decision and the judgment order in the files of the court shows that the merchandise was reappraised at "$2.99 per dozen, Shanghai currency, net packed." Apparently an error was made in the publication by the printer.

Appellant assigns error, in his statement of errors 'of fact and law, to the admission in evidence of exhibit 2, and argues in his brief that the affidavit of the examiner is immaterial, irrelevant, and of no probative force because the examiner failed to identify the merchandise in the instant case with the merchandise covered by the importations at New York and that he failed in his attempt to establish similarity by a comparison of samples because there was no proof that the samples came from the present importation which he compared with the samples in the New York shipments. Counsel argues also that exhibit 2 does not attempt to state the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which imported, in the usual wholesale quantities and in the ordinary course of trade.

In *William A. Brown & Co.* v. *United States*, 61 Treas. Dec. 1464, Abstract 19077, in a case involving the legality of a reappraisement, the court weighed the evidence in an affidavit of the customs examiner at Seattle in a case involving the value of merchandise imported at

New York. The court held that the affidavit was admissible inasmuch as a sample of the goods imported at New York had been sent to the examiner at Seattle for examination. The following is published as a report of that decision:

It appears that the affidavit complained of was executed at Seattle by the United States examiner there, to whom had been sent a sample set of the identical baskets under re-reappraisement. The record showed that plaintiffs were not denied an opportunity of introducing evidence which might have tended to refute the sworn statements of the examiner. The court observed that the admission of the affidavit placed upon plaintiffs the onus of proving, if possible, a different state of facts from that disclosed thereby, and that Congress scarcely intended to make the admission of affidavits contingent upon the right of plaintiffs to cross-examine the affiant, because only those affidavits may be admitted by "persons whose presence can not be procured," and that it is obvious it is a physical impossibility to cross-examine an affiant whose "presence can not be procured." The record did not show that plaintiffs requested that the reappraisement proceedings be transferred to Seattle for the purpose of cross-examining the affiant. As the court could see no illegality in connection with the findings of value here complained of, the protests were overruled in all respects.  *  *  *.

We are of opinion that an objection which relates to the weight to be given an affidavit is not a valid objection to its admissibility. *United States* v. *Kleberg & Co., Inc.*, 25 C. C. P. A. (Customs) 142, T. D. 49256. Therefore, we are of opinion that exhibit 2 was admissible and that the trial judge committed no error in admitting it.

Counsel for the appellee argues in his brief that the importer failed to meet every material issue in the case because the affidavit, exhibit 1, fails to show the usual wholesale quantity in which the merchandise is freely offered for sale or the basis for the statement that Shanghai is the principal market in China for the sale of such merchandise; that the affiant was in Chicago when the goods were ordered and shipped and any evidence as to value is a conclusion, since it is based wholly on hearsay, no documentary evidence having been given to support the statements therein such as copies of sales by the exporter herein or by other manufacturers of such or similar merchandise for exportation to the United States, citing *United States* v. *International Forwarding Co.*, 27 C. C. P. A. (Customs) 21, C. A. D. 56. The appellee also cites *Luigi Vitelli Elvea, Inc., et al.* v. *United States*, Reap. Dec. 5661, in which the following statement appears:

The courts have held that invoices have evidential value and are competent evidence. *Lloyd Co.* v. *United States*, 9 Ct. Cust. Appls. 280, T. D. 38217; *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400; *United States* v. *Sabin*, 12 Ct. Cust. Appls. 520, T. D. 40731; *Sears, Roebuck & Co. et al.* v. *United States*, 30 C. C. P. A. 10, C. A. D. 207.

In that case the court weighed invoices of similar shipments during the period covered by the shipments therein involved, in connection with other evidence, in determining the value of the merchandise.

In a reappraisement case the burden is on the party perfecting the appeal to establish every fact necessary to enable the court to make a

legal appraisement.* *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, T. D. 43324; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057. As stated by counsel for the appellee in his brief, there is no evidence in the record tending to show the usual wholesale quantity in which the merchandise herein involved was freely offered for sale. Furthermore, there is no evidence showing whether or not similar merchandise was sold or offered for sale in the country of production by manufacturers other than the one producing the instant goods. Such proof is particularly necessary in this case because the importer's testimony shows that the instant merchandise was manufactured solely for exportation. The court stressed that requirement in *United States* v. *International Forwarding Co., Inc.*, 27 C. C. P. A. (Customs) 21, C. A. D. 56, and *United States* v. *F. Vietor & Achelis*, 16 Ct. Cust. Appls. 122, T. D. 42767. As the importer failed to prove all essential elements necessary for appraisement, the trial court may well have dismissed the appeal, but, inasmuch as he found the value returned by the appraiser, the result would be the same in any event.

The affiant Hecht states that he placed his order through his firm's agent in Shanghai, and, from all that appears in the record, he may have received quotations from the same source which would be in the nature of hearsay evidence.

We are of opinion that the trial judge gave more weight to the evidence introduced by the Government than to that offered by the importer and we agree with such conclusion. Although the Government's evidence is to the effect that invoices covering the same or similar merchandise had been shipped to importers in New York during substantially the same period at the price of "$2.97 per dozen, Shanghai currency, packing extra," the trial judge found a value of "$2.99 per dozen, Shanghai currency, net packed," which appears to be the same price as was returned by the appraiser. Manifestly the difference between $2.97 and $2.99 is due to the cost of the packing, as it was added extra in the New York invoices and was included in the price found by the appraiser.

We find that the merchandise herein involved consists of cotton hose exported from Shanghai, China, in February 1940; that other shipments from the same exporter covering the same or similar merchandise were exported to the United States during the same period and invoiced at approximately the same price as the appraised value; that the importer failed to introduce competent evidence to establish all the facts necessary to overcome the presumption of correctness attaching to the appraisement by the local appraiser.

On the record in this case, we hold that the trial judge correctly appraised the merchandise, and his decision and judgment are therefore affirmed.